**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JESSIE R. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 09-2001-KHV |
| ) | |
| THE GOODYEAR TIRE ) | |
| AND RUBBER COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Jessie R. Spencer brings suit against The Goodyear Tire and Rubber Company under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Specifically, plaintiff contends that Goodyear took adverse employment actions because of his race and/or in retaliation for protests of race discrimination. Plaintiff also contends that his co-workers and supervisors subjected him to a racially hostile work environment. See Pretrial Order (Doc. #25) filed August 26, 2009. This matter comes before the Court on Defendant's Motion to Disqualify Alan Johnson (Doc. #37) filed September 28, 2009.

Defendant asks the Court to disqualify Alan Johnson from representing plaintiff because Johnson's law firm currently represents Tony McCauley in a separate Equal Employment Opportunity Commission ("EEOC") claim against Goodyear. McCauley, who formerly worked as a Human Resources Manager for Goodyear, has knowledge of plaintiff's claims. Defendant contends that the Court should disqualify Johnson from representing plaintiff because (1) plaintiff and McCauley have directly adverse interests and a conflict of interest under Kansas Rule of

Professional Conduct 1.7 prevents Johnson's law firm from representing both parties;[1] (2) through his firm's representation of McCauley, Johnson has potential access to confidential information in violation of defendant's rights under K.R.P.C. 4.2 and 4.4;[2] and (3) the relationship between

---

[1] K.R.P.C. 1.7 states in relevant part as follows:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
    (1) the representation of one client will be directly adverse to another client; or
    (2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
    (2) the representation is not prohibited by law;
    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
    (4) each affected client gives informed consent, confirmed in writing.

[2] K.R.P.C. 4.2 states in relevant part as follows:

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

K.R.P.C. 4.4 states in relevant part as follows:

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.
(b) A lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender.

Johnson's firm and McCauley could be abused to deprive Goodyear of its right to defend plaintiff's accusations.

**Legal Standards**

At its discretion, the Court has the power to disqualify counsel for violations of professional ethics. Biocore Med. Tech., Inc. v. Khosrowshahi, 181 F.R.D. 660, 664 (D. Kan. 1998) (citing E.E.O.C. v. Orson H. Gygi Co., Inc., 749 F.2d 620, 621 (10th Cir.1984); Brown Mackie Coll. v. Graham, 1989 WL 48478 (D. Kan. Apr. 25, 1989)). A federal court sitting in Kansas deciding a motion to disqualify for a conflict of interest looks to the Kansas Rules of Professional Conduct. See D. Kan. Rule 83.6.1 (adopting Kansas Rules of Professional Conduct as applicable standards of professional conduct);[3] see also Coffeyville Res. Refining & Mktg. v. Liberty Surplus Ins. Corp.,

---

[3] D. Kan. Rule 83.6.1 states in relevant part as follows:

(a) Kansas Rules. The Kansas Rules of Professional Conduct as adopted by the Supreme Court of Kansas, and as amended by that court from time to time, except as otherwise provided by a specific rule of this court, are adopted by this court as the applicable standards of professional conduct.
(b) Disciplinary Enforcement. For misconduct defined in these rules, and after proceedings conducted in accordance with these rules, any attorney within the disciplinary jurisdiction of this court may be disbarred, suspended from practice, reprimanded or subjected to such other disciplinary action as the circumstances may warrant.
(c) Standards of Conduct. Any of the following acts or omissions by an attorney shall constitute misconduct and shall be grounds for discipline:
    (1) Acts or omissions which violate the standards of professional conduct adopted by this court;
    (2) Conduct violating applicable rules of professional conduct of another jurisdiction;
    (3) Willful disobedience of an order of court requiring the attorney to do or forebear an act connected with or in the course of the practice of law;
    (4) Willful violation of the attorney's oath prescribed by these rules;
    (5) Neglect or refusal, on demand, to pay over or to deliver money or property due or belonging to a client except where such money or property is

(continued...)

No. 08-1204-WEB, 2009 WL 3007125, at *1 (D. Kan. Sept. 16, 2009) (same). Ethical violations do not automatically trigger disqualification. Chapman Eng'rs, Inc. v. Natural Gas Sales Co., Inc., 766 F. Supp. 949, 954 (D. Kan. 1991). Because disqualification affects more than merely the attorney in question, the Court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question. Koch v. Koch Indus., 798 F. Supp. 1525, 1530 (D. Kan. 1992).

The Federal Rules of Civil Procedure permit disqualification of counsel as a sanction for violations of the Federal Rules. Biocore, 181 F.R.D. at 664. At its discretion, for violations of local rules, the Court can also apply the sanctions authorized under the Federal Rules of Civil Procedure. D. Kan. Rule 11.1(b), (c). In addition, the federal rules do not supplant the Court's inherent power to disqualify counsel at its discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123 (1991).

The Court must determine a motion to disqualify counsel by measuring the facts of the particular case. Biocore, 181 F.R.D. at 664; Beck v. Bd. of Regents of State of Kan., 568 F.Supp. 1107, 1110 (D. Kan. 1983). The moving party must show proof that is more than mere speculation and sustains a reasonable inference of a violation. Biocore, 181 F.R.D. at 664. The essential issue is whether the alleged misconduct taints the lawsuit. Id. The Court should not disqualify unless the

---

³(...continued)
retained under a bona fide claim of a lien for services;
    (6) Destroying, secreting, fraudulently withdrawing, mutilating or altering any paper, record or exhibit belonging to the files or records in any action or proceeding;
    (7) Willful violations of a valid order of the court, the Disciplinary Panel, a hearing panel; the willful failure to appear before or respond to a lawful demand from disciplinary authority, except that this rule does not require disclosure of information otherwise protected by applicable rules relating to confidentiality.

offending attorney's conduct threatens to taint the underlying trial with a serious ethical violation. Id. (quoting Field v. Freedman, 527 F. Supp. 935, 940 (D. Kan.1981)). Because the interests to be protected are critical to the judicial system, the Court should resolve doubts in favor of disqualification. Id. The Court must balance several factors, however, including society's interest in ethical conduct, plaintiff's right to choose his counsel and the hardship which disqualification would impose on the parties and the entire judicial process. Id. (citing Lansing-Delaware Water Dist. v. Oak Lane Park, Inc., 248 Kan. 563, 571, 808 P.2d 1369, 1375 (1991)).

**Factual Background**

McCauley is a fact witness in this lawsuit. While plaintiff worked at Goodyear's plant in Topeka, Kansas, McCauley was Manager of Human Resources, the second highest human resources position in the plant. McCauley investigated some of the allegations in this lawsuit, and when Goodyear hired S.J. Bashen Corporation to investigate plaintiff's EEOC charge, McCauley gathered information for them. McCauley also heard and denied three of plaintiff's grievances, including the grievance which appealed plaintiff's termination.

Plaintiff believes that McCauley did not properly handle the grievance process. His claims do not implicate McCauley in this lawsuit, however, because the claims in this case arise from Goodyear's discipline – not the grievance process.[4] Plaintiff contends that his managers

---

[4] The collective bargaining agreement governs the grievance process, which is separate and distinct from the discipline process. Plaintiff believes that McCauley did not investigate and remedy his grievances and that McCauley wrongfully denied his grievance appeal after he was terminated. Plaintiff also believes that McCauley's decision to deny his grievance was unfair and biased and that in his decision denying plaintiff's grievance, McCauley inaccurately portrayed the argument which he and his union made at the grievance hearing. McCauley issued the final grievance decision on April 28, 2008, more than six weeks after Goodyear terminated plaintiff's employment.

(continued...)

-5-

(Christopher Prescott and Scott Baer) did not reasonably investigate and take remedial action when he complained about harassment.

McCauley regularly consulted Goodyear attorneys about employment litigation. He had access to privileged internal communications about employee grievances and participated with Goodyear counsel in responding to litigation by participating in mediations and making recommendations about settlement of employment discrimination cases against Goodyear. He did not participate in any sessions regarding plaintiff's administrative-level claims in which Goodyear devised strategy or assessed settlement value. The record is silent whether McCauley consulted with counsel on anything else related to plaintiff.

In October of 2008, Goodyear terminated McCauley's employment and McCauley retained Stephen Lanterman, another attorney in Johnson's law firm, to represent him in an EEOC complaint against Goodyear. No lawsuit between McCauley and Goodyear is currently pending.

## **Analysis**

### **I.   K.R.P.C. 1.7**

Defendant first contends that plaintiff and McCauley are directly adverse litigants and that a conflict of interest under Kansas Rule of Professional Conduct 1.7 prevents Johnson's law firm from representing both parties.[5] Defendant argues that plaintiff's lawsuit directly attacks the conduct

---

[4](...continued)

[5]   Under K.R.P.C. 1.10, lawyers who are associated in a firm shall not "knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm."

of McCauley as defendant's employee, and that plaintiff and McCauley have "concurrent adverse interests" which create an unwaivable conflict of interest. Defendant argues that because plaintiff directly attacks McCauley's conduct as a Goodyear employee, a direct conflict prevents Johnson's firm from representing both clients. Defendant also points out that although plaintiff testified in his deposition that he would sign a written conflict waiver as required by K.R.P.C. 1.7(a), he has not done so.

In a motion to disqualify under KRPC 1.7, the burden of proof generally is on the party who seeks disqualification. Quality Developers, Inc. v. Thorman, 29 Kan. App. 2d 702, 711 (Kan. App. 2001). As evidence of a conflict, defendant cites plaintiff's deposition testimony that McCauley did not accurately memorialize his testimony during the grievance hearing. During the grievance hearing, plaintiff testified that tires which were damaged and discarded on December 4, 2007 (and caused plaintiff's move to Step 3 of the disciplinary process) were not his tires and that McCauley's grievance letter does not reflect this testimony. Defendant cites State ex rel. Morgan Stanley & Co., Inc. v. MacQueen, 416 S.E. 2d 55 (W. Va. 1992), to support its argument that an attorney cannot represent a party and an adverse witness in the same litigation. In MacQueen, the Supreme Court of Appeals granted a writ of prohibition which required the lawyers to amend the pleadings to exclude specific allegations of wrongdoing against adverse witnesses and then to elect between representing the party and the adverse witnesses.[6] Id. at 56. That situation already exists in this case: Johnson's firm does not represent McCauley in this case; McCauley appeared without counsel at his deposition in this case and neither side expects him to testify at trial. Furthermore, neither the

---

[6] In West Virginia state court, a party seeking to disqualify counsel from participating in a law suit after a conflict of interest has arisen must file a writ of prohibition to the Supreme Court of Appeals, which has original jurisdiction. MacQueen, 416 S.E. 2d at 57 n.3.

-7-

complaint nor the pretrial order contains specific allegations of wrongdoing by McCauley.[7]

Further, the Court has thoroughly reviewed the record and concludes that though plaintiff arguably has bad feelings toward McCauley, McCauley's testimony does not directly contradict that of plaintiff. This fact, coupled with Comment 6 to K.R.P.C. 1.7, supports the Court's conclusion that McCauley and plaintiff are not "directly adverse." Comment 6 states that "a directly adverse conflict *may* arise when a lawyer is required to cross-examine a client [McCauley] who appears as a witness in a lawsuit involving another client [plaintiff], as when the testimony will be damaging to the client [plaintiff] who is represented in the lawsuit." McCauley's testimony is not damaging to plaintiff. Further, even if a conflict did exist, defendant has presented no argument or authority why counsel should be disqualified from representing plaintiff in this action rather than disqualified from representing McCauley in his EEOC proceeding.[8] The Court therefore overrules defendant's motion on this ground.

## II.    Access To Confidential Information Under Rule 4.2 and 4.4

Defendant argues that Johnson's firm cannot represent both parties because the law firm has access to confidential information about Goodyear's legal deliberations by virtue of McCauley's

---

[7] In the pretrial order plaintiff alleges that he "complained to his production managers and to Human Resources personnel in regard to the racial harassment to which he was subjected," but that these management-level employees failed to take reasonable remedial action. See Pretrial Order (Doc. #25) at 4. This allegation arguably implicates McCauley, but plaintiff's response to defendant's motion to disqualify stipulates that this allegation implicates only Scott Baer and Christopher Prescott.

[8] Defendant's argument about the "after acquired evidence" defense is also misplaced. Defendant argues that if plaintiff proves that McCauley discriminated against him, Goodyear can use that fact to defend McCauley's claims against it because such discrimination would give Goodyear cause for having fired McCauley. Plaintiff makes no such claim, however, against McCauley.

-8-

status as a former employee who participated in and had some knowledge about plaintiff's complaints and grievances against Goodyear.

Defendant cites Zimmerman v. Mahaska Bottling Co., 270 Kan. 810, 816, 19 P.3d 784 (Kan. 2001). In Zimmerman, a law firm hired a legal secretary who had previously worked at another law firm. The firms represented adverse parties in a case. While working at the first firm, the legal secretary had acquired confidential information material about the case. The Kansas Supreme Court held that K.R.P.C. 1.10 applied to non-lawyer personnel and concluded that the second firm could not continue to represent its client because the legal secretary had a duty of confidentiality to the first client.

Here, defendant asks this Court to extend the Zimmerman holding to disqualify plaintiff's counsel. Defendant seeks to disqualify counsel because counsel's partner represents McCauley, who worked for defendant and may have acquired confidential information about the case during that employment. Defendant contends that Comment 7 to K.R.P.C. gives it the right to "demand that its confidences remain privileged even if a constituent leaves its employment" and that the Court should therefore "enforce its rights of confidentiality relating to information possessed by former employees" by disqualifying counsel from representing plaintiff.[9]

---

[9] Comment 7 to K.R.P.C. 4.2 states in relevant part as follows:

In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication

(continued...)

Neither Rule 4.2 nor comment 7 afford defendant the protection it claims. In fact, Comment 7 to K.R.P.C. 4.2 *specifically authorizes* plaintiff's lawyer to communicate with former Goodyear employees. It states as follows: "Consent of an organization's lawyer is not required for communication with a former constituent." The rule also obligates plaintiff's counsel not to "use methods of obtaining evidence that violate the legal rights of the organization" such as intruding into privileged relationships like the lawyer-client relationship.

Defendant provides no evidence or argument which suggests that plaintiff's counsel has violated the obligation, and it does not assert that plaintiff's counsel has accessed confidential (much less privileged) information. Rather, defendant argues that plaintiff's counsel should be disqualified because another client of his firm has knowledge of its "general litigation policies and strategies." To adopt defendant's reading of Comment 7 and Zimmerman would mean that no former employee who knows about "general litigation policies and strategies" of a former employer could ever sue with counsel because to bring suit would be to use "confidential" information to the disadvantage of the former employer. The Court overrules defendant's motion on this ground.

### III. The relationship between Johnson's firm and McCauley could be abused to deprive Goodyear of its right to defend plaintiff's accusations.

Defendant argues that because Johnson's firm represents McCauley, defendant "might" be obstructed from accessing McCauley as a witness. Defendant argues that because McCauley declined to informally discuss the case with Goodyear, the Court could infer that he did so on his

---

[9](...continued)
will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

attorney's advice. Defendant argues that such advice which would violate K.R.P.C. 3.4(f) if McCauley were not a client of the firm.[10] McCauley is a client, however, and defendant acknowledges it has no reason to suspect that plaintiff's attorney's law partner counseled McCauley not to cooperate with Goodyear. Further, McCauley appeared for a deposition and defendant does not allege that McCauley failed to cooperate. Plaintiff's counsel correctly notes that McCauley had no obligation to discuss anything informally with Goodyear, and the Court therefore overrules defendant's motion on this ground.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Disqualify Alan Johnson (Doc. #37) filed September 28, 2009 be and hereby is **OVERRULED**.

Dated this 4th day of January, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[10] K.R.P.C. 3.4(f) states in relevant part that a lawyer shall not "request a person other than a client to refrain from voluntarily giving relevant information to another party . . ."